UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 04-20159-CR-GOLD/MCALILEY

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOSE MIGUEL BATTLE, SR. et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION ON GOVERNMENT'S MOTION FOR FINAL ORDER OF FORFEITURE AND MOTIONS FILED BY DOMINGO TORIBIO

The government filed a Motion for Final Order of Forfeiture As to All Property of Defendants Who Have Been Sentenced and Against Whom Criminal Forfeiture Has Been Imposed. [DE 2956]. In that Motion the government recounts the various orders of forfeiture the Honorable Alan S. Gold has entered in this case,[1] reports that it has given notice of the forfeitures as required by law, states that all claims have been resolved and asks the Court to enter a final order of forfeiture that the government has filed with the Court.[2]

A third-party claim was filed in response to that Motion. Specifically, Domingo Toribio, the father of Janin Toribio (and administrator of her estate) filed a Motion to Appear

---

[1] The government has identified the Orders found at the following docket entries: 1963, 2575, 2576, 2604, 2605, 2635, 2693, 2856, 2874, 2919.

[2] The government filed a proposed order along with its Motion [DE 2956-1], and later filed an amended version of that order, [DE 2974-1].

and Make Claim to Defendants' Forfeited Assets and to Stay Entry of Final Order of Forfeiture. [DE 2964, 2967]. Mr. Toribio explains that his daughter was an innocent victim of arson by certain of the Defendants, that the arson was the subject of the charges in this case, and it caused his daughter's death. Relying upon Title 18 U.S.C. § 1963(l), Mr. Toribio asks to be compensated for the loss of his daughter from a portion of the assets that are the subject of the government's proposed final order of forfeiture.

In its response, the government cites Title 18 U.S.C. § 1963(l)(6)(A) and (B), which sets out two grounds upon which this Court might find that Mr. Toribio has a legal interest in property that has been ordered forfeited to the United States.[3]   [DE 2972]. The government correctly notes that Mr. Toribio does not claim to satisfy either statutory provision, something which Mr. Toribio effectively concedes in his reply. [DE 2973].

The government did point out, however, that the forfeiture statute authorizes the Attorney General to consider "petitions for mitigation or remission of forfeiture . . . or take any other action to protect the rights of innocent persons which is in the interest of justice . . .", 18 U.S.C. § 1963(g)(1), and suggests that Mr. Toribio present such a claim to the Attorney General. [DE 2972, p. 6]. Mr. Toribio took the government up on its suggestion and reported, in his reply, that he intended to immediately petition the Attorney General for remission. In that reply Mr. Toribio asks this Court to stay any action on the government's

---

[3] Under the statute, Mr. Toribio would have to show that he has a vested or superior legal right, title, or interest in the property, or that he is a bona fide purchaser for value of that right, title or interest in the property. 18 U.S.C. § 1963 (l)(6)(A) and (B).

pending Motion for entry of a final order of forfeiture, and to retain control over the forfeiture assets, which will "serve as an impetus to the staff and senior attorneys at Main Justice to promptly and fairly determine the merits of the family's claim. . . ." [DE 2973, p. 5].

After receiving this request from Mr. Toribio, I issued an order directing the government to advise this Court what effect, if any, would issuance of a final order of forfeiture have on the Attorney General's ability to consider and resolve Mr. Toribio's petition. [DE 2980]. I also invited both parties to briefly advise me of the status of Mr. Toribio's administrative claim. [*Id*.]. The government responded that a petition for remission is typically not ruled upon by the Attorney General until the order of forfeiture is final, and that the issuance of such a final order does not prevent a person from pursuing a claim. [DE 2981]. Mr. Toribio filed a response, indicating that while he has filed a petition with the Attorney General, he also continues to ask this Court to address his claim to the forfeited assets. [DE 2982].

## Mr. Toribio's motions

I recommend that Mr. Toribio's motions be denied. As he effectively concedes, this Court has no legal authority to order that he recover a portion of the money and property that is subject to government forfeiture. Title 18 U.S.C. § 1963(l)(6)(A)and (B) allows a third party to recover forfeited property only if he or she has a legal interest in that property, and Mr. Toribio makes no such claim. Thus, his Motion to Appear and Make Claim to

Defendants Forfeited Assets [DE 2964] should be denied.

Also, his Motion to Stay Entry of Final Order of Forfeiture [DE 2967], should be denied. In his reply [DE 2973], Mr. Toribio modifies his original reasons for seeking a stay, and suggests this Court should delay entering a final order of forfeiture in some sort of effort to pressure the Attorney General into granting Mr. Toribio's administrative petition. Putting aside for the moment whether such action would be advisable, the government reports that the Attorney General does not resolve petitions for remission until the final order of forfeiture has been entered. Thus, it is in the interest of Mr. Toribio to have that order entered, so that he will receive the Attorney General's full consideration of his claim.

### The government's proposed final order

I reviewed the government's proposed Final Order of Forfeiture [DE 2974-1], and had difficulty when I attempted confirm that each property listed has been the subject of an earlier order of forfeiture entered by Judge Gold. Therefore, I ordered the government to file sufficient information so that this Court can be satisfied that each item of property identified in the government's proposed Final Order of Forfeiture has been the subject of the necessary prior proceedings, and thus belongs in that Order. [DE 2983]. In response, the government filed an explanatory chart and a corrected proposed final order of forfeiture. [DE 2984].

I have reviewed the government's submission, and compared it to the various earlier orders of forfeiture entered by Judge Gold, and have confirmed that each property listed in the proposed Final Order of Forfeiture [2984-2] has been the subject of an earlier order, and

otherwise has been the subject of the necessary statutory procedures. Accordingly, I recommend that the Court enter the Proposed Final Order of Forfeiture at DE 2984-2.

### Conclusion

For the foregoing reasons, I respectfully RECOMMEND that:

(1) The United States' Motion for Final Order of Forfeiture As to All Property of Defendants Who Have Been Sentenced and Against Whom Criminal Forfeiture Has Been Imposed **[DE 2956]**, be **GRANTED**, and

(2) the proposed Final Order of Forfeiture filed at **DE 2984-2** be **ENTERED** as an order of this Court, and

(3) Domingo Toribio's Motion to Appear and Make Claim to Defendants' Forfeited Assets and to Stay Entry of Final Order of Forfeiture, **[DE 2964, 2967]**, be **DENIED**.

### OBJECTIONS

The parties may file written objections to this Report and Recommendation with the Honorable Alan S. Gold within **fourteen days** of the date of this Report and Recommendation. Failure to timely file objections shall bar the parties from attacking on appeal any factual findings contained herein. *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *LoConte v. Dugger*, 847 F.2d 745, 749-50 (11th Cir. 1988).

RESPECTFULLY SUBMITTED in chambers at Miami, Florida this 16th day of December, 2009.

CHRIS MCALILEY
UNITED STATES MAGISTRATE JUDGE

cc: The Honorable Alan S. Gold
All counsel of record